```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

MYRON CRISDON,

        Plaintiff,

1:20-cv-14432-NLH-AMD

v.

**MEMORANDUM OPINION & ORDER**

AZARANG GROUP CO. LTD,

        Defendant.

**APPEARANCES:**

MYRON CRISDON
531 N. 7TH ST.
CAMDEN, NJ 08102

    Appearing *pro se*

**HILLMAN**, District Judge

    WHEREAS, Plaintiff, Myron Crisdon, appearing *pro se*, has filed a complaint against Defendant Azarang Group Co. LTD; and

    WHEREAS, Plaintiff claims that Defendant breached their contract by failing to pay him his commission when he introduced a gold buyer and a gold seller; and

    WHEREAS, Plaintiff seeks, among other relief, a percentage of the total sale of gold as his commission, as well as $1 million for his pain and suffering; and

    WHEREAS, Plaintiff has filed a motion for the appointment of pro bono counsel (Docket No. 2) and an application to proceed without prepayment of fees ("in forma pauperis" or "IFP"

application) (Docket No. 1-1); and

WHEREAS, pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if she submits a proper IFP application; and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J.2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (other citations omitted); and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Department of Homeland Security, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, *pro se* complaints must be construed liberally, and all reasonable latitude must be afforded the *pro se* litigant,

Estelle v. Gamble, 429 U.S. 97, 107 (1976), but pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that pro se plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

    WHEREAS, the Court finds that Plaintiff's complaint is deficient because even though Plaintiff contends that this Court has jurisdiction over this matter based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332(a), the complaint has not properly alleged the citizenship of Defendant; and

    WHEREAS, Plaintiff avers that he is a citizen of New Jersey and Defendant Azarang Group Co. LTD is a citizen of Istanbul, Turkey, but Plaintiff has failed to plead where Defendant is incorporated and where it has its principal place of business, see 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has

3

its principal place of business . . . ."); and

WHEREAS, the proper averment of Defendant's citizenship is integral to establishing subject matter jurisdiction in this Court; and

WHEREAS, the Court further finds that Plaintiff's motion for appointment of counsel is premature.  There is no right to counsel in a civil case, see Tabron v. Grace, 6 F.3d 147, 153-54 (3d Cir. 1993); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), but pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  In deciding whether counsel should be appointed, the Court first considers whether a claim or defense has "arguable merit in fact and law," and, if it does, the Court then considers additional factors, which include: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf.  Tabron, 6 F.3d at 155-157.  Plaintiff's motion does not address any of these factors;

4

THEREFORE,

IT IS on this   20th   day of   October  , 2020

ORDERED that Plaintiff's IFP application (Docket No. 1-1) be, and the same hereby is, GRANTED, and the Clerk is directed to file Plaintiff's complaint; and it is further

ORDERED that Plaintiff's motion for the appointment of pro bono counsel (Docket No. 2) be, and the same hereby is, DENIED WITHOUT PREJUDICE; and it is finally

ORDERED that Plaintiff shall have twenty (20) days to amend his complaint to properly cure the deficiencies noted above.  If Plaintiff fails to do so, this case will be dismissed for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3).

At Camden, New Jersey

  s/ Noel L. Hillman  
NOEL L. HILLMAN, U.S.D.J.